UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

June 30, 2015

MEMORANDUM TO COUNSEL RE:     Henry Daniyan v. Viridian Energy LLC
                                                          Civil Action No. GLR-14-2715

Dear Counsel:

      Pending before the Court is Defendant's, Viridian Energy LLC ("Viridian"), Motion to Dismiss the Complaint (ECF No. 15) and Plaintiff Henry Daniyan's Cross Motion Seeking Leave to Amend Complaint ("Motion to Amend") (ECF No. 27). The Court, having reviewed the Motions and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, Viridian's Motion to Dismiss will be granted and Daniyan's Motion to Amend will be denied.

      On August 25, 2014, Daniyan filed a Complaint, individually and on behalf of all Viridian customers from January 1, 2009, to present, alleging a violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-301 et seq. (West 2015) (Count I), breach of contract (Count II), breach of covenant of good faith (Count III), fraud (Count IV), negligent misrepresentation (Count V), and unjust enrichment (Count VI). (ECF No. 1). Viridian filed a Motion to Dismiss for failure to state a claim. (ECF No. 15). Daniyan filed an Opposition to the Motion to Dismiss and a Motion to Amend (ECF No. 27). The Amended Complaint seeks to add parties and combine Counts II and III. (Id.). The Motions are ripe for disposition.

      A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013). Moreover, because this action involves allegations of fraud, the complaint is also subject to Federal Rule of Civil Procedure 9, which requires that "the circumstances constituting fraud" be stated "with particularity." Fed.R.Civ.P. 9(b). In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

      First, Viridian argues Daniyan failed to plead his fraud-based claims, Counts I, IV and V, with sufficient particularity. In Count I, Daniyan alleges a violation of MCPA, which prohibits "unfair or deceptive trade practices" and lists fourteen categories of proscribed conduct. Md. Code Ann., Com. Law § 13-301. Specifically, the MCPA prohibits both the use of false or misleading statements and the omission of material facts. Id. To bring an action under the MCPA, the plaintiff must allege "(1) an unfair or deceptive

practice or misrepresentation that (2) is relied upon, and (3) causes [him] actual injury." Farasat v. Wells Fargo Bank, N.A., 913 F.Supp.2d 197, 205 (D.Md. 2012) (quoting Stewart v. Bierman, 859 F.Supp.2d 754, 768 (D.Md. 2012)).

A portion of Daniyan's MCPA claim sounds in fraud and must include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769, 781 (4th Cir. 2013) (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)). In Maryland, to state a claim for fraudulent misrepresentation, a plaintiff must plead:

> (1) that the defendant made a false representation to the plaintiff; (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

Ayres v. Ocwen Loan Serv., LLC, No. WDQ-13-1597, 2014 WL 4269051, at *8 (D.Md. Aug. 27, 2014) (quoting Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC, 929 F.Supp.2d 502, 500 (D.Md. 2013)).

Daniyan alleges Viridian violated the MCPA by making misleading representations regarding energy cost savings and competitive market rates and inducing customers to switch their energy supplier to Viridian with promises of lower energy rates. Daniyan points to specific statements made on Viridian's website and in its marketing material stating its product "often costs less" and is "competitive[ly] price[d]," its customers can potentially save on their electricity bills, and its rates "may be higher or lower than the utility's rates." (ECF Nos. 1, 27-1).

Viridian argues that its generalized representations regarding potential savings, low prices, and competitive rates constitute non-actionable puffery. Maryland law distinguishes between statements that relate to material facts—which may give rise to cognizable claims—and vague generalities, statements of opinion, or puffery—which are deemed non-cognizable. Baney Corp. v. Agilysys NV, LLC, 773 F. Supp. 2d 593, 608 (D.Md. 2011). "It is established law in Maryland that to constitute a false representation, 'a statement must be a misrepresentation of material fact. It cannot be an estimate or opinion or puffing.'" Dean v. Beckley, No. CIV10-297, 2010 WL 3928650, at *4 (D.Md. Oct. 1, 2010) (quoting Parker v. Columbia Bank, 604 A.2d 521, 528 (Md.Ct.Spec.App. 1992)) (determining that defendants generalized statements of opinions were puffery on a motion to dismiss). Here, Viridian's generalized statements that its energy is competitively priced and often costs less than the utility's rates amount to nothing more than vague generalities and puffery, particularly because the statements are qualified by Viridian explicitly stating its rates may be higher than the utility's rates. Thus, Daniyan cannot rely on the statements to establish that Viridian made a false representation.[1]

---

[1] Daniyan's claims for fraud and negligent misrepresentation are also based on these statements. Both claims require proof of a false statement. Baney Corp., 773 F.Supp.2d at 608. Because Daniyan fails to sufficiently plead that Viridian made any false representations, the Court will grant the Motion to Dismiss

2

The remaining portion of Daniyan's MCPA claim is based on omissions, which are not subject to the pleading standards of Rule 9(b).  Marshall v. James B. Nutter & Co., 816 F.Supp.2d 259, 267 (D.Md. 2011).  The MCPA defines an unfair or deceptive trade practice to include "[f]ailure to state a material fact if the failure deceives or tends to deceive" and "knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with . . . [t]he promotion or sale of any consumer goods, consumer realty, or consumer service."  Md.Code Ann., Com.Law §§ 13-301 (3), (9).  "Such omissions are material 'if a significant number of unsophisticated consumers would find that information important in determining a course of action.'"  Bank of Am., N.A. v. Jill P. Mitchell Living Trust, 822 F.Supp.2d 505, 534 (D.Md. 2011) (quoting Green v. H & R Block, Inc., 735 A.2d 1039, 1059 (1999)) (citations omitted).  Daniyan alleges Viridian failed to disclose that its prices generally increase, were substantially higher than its competitors, and were rarely lower than the market price.  However, Daniyan also alleges Viridian explicitly stated on its website and in its marketing material that its rates may be higher than the utility's rates.  The Court, therefore, finds Daniyan has failed to sufficiently plead a claim under the MCPA.  Accordingly, the Court will grant the Motion to Dismiss as to Count I.

Second, Viridian argues Daniyan fails to state that it breached any term of the contract.  Daniyan alleges Viridian breached an implied contractual term of charging him a reasonable price.  Maryland follows "the principle of the objective interpretation of contracts."  Wash. Metro. Area Transit Auth. v. Potomac Inv. Props., Inc., 476 F.3d 231, 235 (4th Cir. 2007) (quoting Walker v. Dep't of Human Res., 842 A.2d 53, 61 (Md. 2004)).  Determining the meaning of the contract is "focused on the four corners of the agreement."  John L. Mattingly Const. Co. v. Hartford Underwriters Ins. Co., 999 A.2d 1066, 1074 (Md. 2010) (quoting Clancy v. King, 954 A.2d 1092, 1101 (Md. 2008)).  "When the clear language of a contract is unambiguous, the court will give effect to its plain, ordinary, and usual meaning, taking into account the context in which it is used."  Sy-Lene of Wash., Inc. v. Starwood Urban Retail II, LLC, 829 A.2d 540, 546 (2003) (citing Langston v. Langston, 784 A.2d 1086, 1095 (Md. 2001)).  If the contract is ambiguous, however, the court will look to extrinsic evidence to determine the intentions of the parties at the time the contract was executed.  John L. Mattingly Const. Co., 999A.2d at 1074.

The Electricity Sales Agreement (the "Agreement") between the parties states Viridian will set the prices for the electricity supply service.  The Agreement further states that the price will vary on a month-to-month basis and, after the first month of service, the prices may fluctuate each month.   The Court does not find that the contractual terms are ambiguous and will not look to extrinsic evidence.  Instead, the Court will give effect to the Agreement's plain meaning.  In doing so, the Court finds Daniyan has failed to allege that Viridian  breached a contractual term.  Accordingly, the Court will grant the Motion to Dismiss as to Count II.

Third, Viridian argues Daniyan's claim for breach of covenant of good faith and fair dealing should be dismissed because it is not cognizable under Maryland law.  "Maryland recognizes that every contract imposes a duty of good faith and fair dealing in its performance."  Paramount Brokers, Inc. v. Digital River, Inc., 126 F.Supp.2d 939, 945 (D.Md. 2000) (citing Abt Assocs., Inc. v. JHPIEGO Corp., 104 F.Supp.2d 523, 534 (D.Md. 2000)).  However, there is no independent cause of action for breach of the implied covenant of good faith and fair dealing in Maryland.  Mount Vernon Props., LLC v. Branch Banking And Trust Co., 907 A.2d 373, 381 (Md.Ct.Spec.App. 2006).

---

as to Counts IV and V.

In his Motion to Amend, Daniyan wishes to merge this claim with his breach of contract claim. Viridian argues that such an amendment would be futile. In Maryland, the duty of good faith and fair dealing "simply prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract." Paramount Brokers, Inc., 126 F. Supp. 2d at 945 (quoting Parker v. The Columbia Bank, 604 A.2d 521 (Md.Ct.Spec.App. 1992)). Daniyan argues Viridian breached its duty by charging him excessive prices; however, he fails to allege Viridian's conduct prevented him from performing his obligations under the Agreement. Accordingly, the Court will grant the Motion to Dismiss as to Count III.[2]

Lastly, Viridian argues Daniyan fails to state a claim for unjust enrichment. In Maryland, generally, unjust enrichment claims "cannot be asserted when an express contract defining the rights and remedies of the parties exists." Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc., 747 A.2d 600, 610 (Md. 2000). However, "courts may allow an unjust enrichment claim where there is a contract if there is evidence of fraud or bad faith." Kwang Dong Pharm. Co. v. Han, 205 F. Supp. 2d 489, 497 (D.Md. 2002). Because an express contract exists between the parties and Daniyan fails to sufficiently plead fraud, the unjust enrichment claim must be dismissed. Accordingly, the Court will grant the Motion to Dismiss as to Count VI.

For the foregoing reasons, the Motion to Dismiss (ECF No. 15) is GRANTED and the Motion Seeking Leave to Amend Complaint (ECF No. 27) is DENIED. The Complaint is DISMISSED. Despite the informal nature of this memorandum, it shall constitute an Order of this Court. The Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge

---

[2] With regard to the Motion to Amend, the Court looks to Rule 15(a), which states that it should freely give leave to amend when justice so requires. Fed.R.Civ.P. 15(a)(2). The Court, however, has discretion to deny a motion to amend when the amendment would be futile. Stanley v. Huntington Nat. Bank, 492 F.App'x 456, 461 (4th Cir. 2012) (quoting Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)). The Rule 12(b)(6) standard, therefore, governs futility arguments. Sherwin-Williams Co. v. Coach Works Auto Collision Repair Ctr., Inc., No. WMN-07-CV-2918, 2010 WL 889543, at *2 (D.Md. Mar. 4, 2010) (citing Openshaw v. Cohen, Klingenstein & Marks, Inc., 320 F.Supp.2d 357, 359 (D.Md. 2004)). Upon review of the proposed Amended Complaint, the Court finds that the proposed amendments are futile because they fail to sufficiently state claims under the MCPA, fraud, breach of contract, negligent misrepresentation, and unjust enrichment. The Court will, therefore deny the Motion to Amend (ECF No. 27).